IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01645-LTB-KLM

KEITH RABIN,

Plaintiff,

v.

FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Amend the Scheduling Order and for Leave to Assert Counterclaim Against Plaintiff** [Docket No. 29; Filed July 13, 2011]. Plaintiff filed a Response in opposition to the Motion on August 15, 2011 [Docket No. 36], and Defendant filed a Reply on September 1, 2011 [Docket No. 37]. As a preliminary matter, the deadline for the amendment of pleadings was February 7, 2011 [Docket No. 11]. Therefore, the Motion is untimely.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition.[1] The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently

---

[1] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (unpublished decision) (collecting cases). When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). For the purposes of resolving the present Motion, the Court assumes that the issue is dispositive and requires a recommendation.

advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **DENIED.**

This matter pertains to Plaintiff's homeowner's insurance claim for property damage caused by a fire. *Scheduling Order*, Docket No. 12 at 2. Plaintiff contends that Defendant did not provide him with the full amount authorized by the policy and asserts a claim for bad faith breach of contract. *Id.* at 2-3; *Am. Compl.*, Docket #1-2 at 2. At the time of the Scheduling Conference held on January 20, 2011, Defendant contended that Plaintiff was appropriately compensated based upon an appraisal of the damages. *Scheduling Order*, Docket No. 12 at 3; *see also Answer*, Docket No. 2 at 3. Defendant now seeks to amend its Answer and assert counterclaims against Plaintiff. *Motion*, Docket No. 29 at 3. Specifically, Defendant "seeks leave from this Court to assert a counterclaim against [Plaintiff] for: (a) vacation and/or modification of the Award; (b) breach of the duty of good faith and fair dealing; and (c) unjust enrichment." *Id.*

Although Defendant recognizes that the pleading amendment deadline has expired and that good cause must be shown to amend the deadline, Defendant bases its good cause argument on the strength of its proposed counterclaims and on the contention that the interests of justice would be served by amendment. *Id*. at 4-10. Elsewhere in the Motion, Defendant notes that on November 19, 2010, one month after it received Plaintiff's initial disclosures, it was prompted to pursue more information about the appraisal.[2] *Id.* at 2. Defendant contends that it ultimately received relevant material on April 13, 2011, and while it attempted to schedule a deposition related to the appraisal on February 28, 2011,

---

[2]Rule 26(a)(1) disclosures were made on October 19, 2010. *Scheduling Order*, Docket No. 12 at 6.

the relevant deposition was not held until May 4, 2011 and then not completed until June 26, 2011. *Id.* at 2-3. Although Defendant does not specifically make this argument, the Court assumes that the recitation of this discovery history implies it is Defendant's position that discovery delays provide good cause for extending the pleading amendment deadline and permitting amendment of the Answer to pursue counterclaims.

In his response, Plaintiff does not challenge Defendant's request on the basis of untimeliness. *See Response*, Docket No. 36. Plaintiff argues that Defendant's motion should be denied as futile, and that Defendant asserts the proposed counterclaims in bad faith and as a dilatory tactic. *Id*. The bulk of Plaintiff's response attacks the merits of the proposed counterclaims. *Id*. Plaintiff presents no argument related to good cause or undue prejudice.

Despite the fact that Plaintiff does not raise an argument about the timeliness of Defendant's Motion, "[b]ecause [Defendant] filed [its] Motion after the deadline for amending the pleadings, the Court employs a two-step analysis, first determining whether [Defendant] has shown good cause to modify the [Scheduling Order under Fed. R. Civ. P. 16(b)(4), and] then evaluating whether [Defendant] has satisfied the standard for amendment of pleadings under [Fed. R. Civ. P.] 15(a)." *Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *1 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL1464588 (Apr. 18, 2011) (unpublished decisions); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Defendant is entitled to amend its Answer and assert counterclaims only if it makes the requisite showing at each step of the analysis. The two-step analysis has been explained as follows:

> Rule 16(b)[(4)]'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b)[(4)] does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted); *accord Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)[(4])'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . ."). If Defendant fails to show good cause under Rule 16(b)(4), there is no need for the Court to move on to the second step of the analysis, i.e., whether Defendant has satisfied the requirements of Rule 15(a). *Nicastle*, 2011 WL 1465586, at *3.[3]

---

[3] Although the Tenth Circuit has not explicitly adopted this test related to amendment of pleadings generally, it has, in essence, approved it for the untimely assertion of counterclaims. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that the Court of Appeals "adopted a similar interpretation of Rule 16(b)([4])'s 'good cause' requirement in the context of counterclaims asserted after the [pleading amendment] deadline" (citation omitted)). Specifically, the Tenth Circuit has countenanced denial of amendment to assert counterclaims when the "failure to timely amend was not due to oversight, inadvertence or excusable neglect" as set forth in Fed. R. Civ. P. 13(f). *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518-19 (10th Cir. 1990). Rule 13(f) has since been abrogated. Given that test's similarity to the good cause standard, and the practice of Courts in this District to apply Rule 16(b)(4) to untimely counterclaim requests, I apply the good cause standard here in advance of considering the application of Fed. R. Civ. P. 15(a). *See, e.g.*, *NW Parkway Pub. Highway Auth. v. Bayerische Hypo-Und Vereinsbank AG*, No. 08-cv-01819-REB-MEH, 2009 WL 4506413 (D. Colo. Dec. 1, 2009) (unpublished decision); *Tony's Tap, LLC v. PS Enters., Inc.*, No. 08-cv-01119-MSK-KLM, 2009 WL 1394308 (D. Colo. May 19, 2009) (unpublished decision).

**A. Good Cause to Modify the Pleading Amendment Deadline**

A Scheduling Order deadline, such as the pleading amendment deadline, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As noted above, to demonstrate good cause pursuant to Rule 16, the moving party must "show that it [was] diligent in attempting to meet the [pleading amendment] deadline, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 n.4 (10th Cir. 2006). "While rigid adherence to the pretrial scheduling order is not advisable," see *SIL-FIO*, 917 F.2d at 1519, this Court finds that compliance with the pleading amendment deadline is particularly important in relation to the assertion of counterclaims because of their capacity to change the complexion of the case. Here, Defendant filed its Motion on July 13, 2011, more than five months after the expiration of the pleading amendment deadline established in the Scheduling Order [Docket No. 12]. Defendant appears to contend that it has good cause for moving to amend after the expiration of the deadline because it did not discover the factual basis for the proposed counterclaims until the receipt of certain discovery.[4] *See Motion*, Docket No. 29 at 2-3.

By Defendant's own admission, it was on notice as early as November 2010 (well before expiration of the amendment period) of the potential for the appraisal issue to impact the case. *Id*. at 2 ("After receiving and reviewing [Plaintiff's] Initial Disclosures . . ., [Defendant] became concerned that the Award had not been calculated in accordance with

[4] To the extent that Defendant's Motion could also be interpreted to allege that good cause is shown because (1) the proposed counterclaims are strong, (2) Plaintiff would not be prejudiced or (3) discovery would not be substantially impacted, see *Motion*, Docket No. 29 at 4-10, these allegations are not relevant to the good cause inquiry and do not advance Defendant's position. *See Pumpco,* 204 F.R.D. at 668 (explaining that good cause is not evidenced by the impact of the amendment on the nonmoving party, rather it is only justified by diligence of the moving party).

the Policy."). Moreover, Defendant did not prioritize or expedite the discovery necessary to ascertain the appraisal issue's impact. For example, Defendant initially only informally requested appraisal information rather than promptly issuing a subpoena. *See id*. Moreover, Defendant did not even attempt to schedule the deposition related to the appraisal issue until after the expiration of the pleading amendment deadline. *See id*. Defendant articulates no excuse for its failure to file a motion to extend the pleading amendment deadline before it expired, considering that it knew, at least as of November 2010, that there could be an issue with the appraisal.

Given Defendant's notice of the appraisal issue well in advance of the amendment deadline, I find that the proposed counterclaims should have and could have been brought, with the exercise of diligence, at or before the expiration of the pleading amendment deadline. The pleading amendment deadline requires that parties conduct discovery efficiently and promptly in order to timely comply. *See Granite*, 2010 WL 2635524, at *2 (noting that "deadlines to amend a party's pleading are set at the outset of the case to require [parties] to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later."); *Sanchez v. City & Cnty. of Denver ex rel. Bd. of Water Comm'rs*, No. 07-cv-01805-MSK-BNB, 2007 WL 4557842, at *1 (D. Colo. Dec. 20, 2007) (unpublished decision) (noting that "the purpose of the deadline to amend and add contained in the Scheduling Order is to force the parties to make any known amendments immediately so that all discovery in the case, including the earliest discovery, is taken with the claims and defenses as the parties expect them to be"). While Defendant generally suggests that some of the discovery delay was not of its making, the Court finds that Defendant did not focus on obtaining the information and testimony

necessary to inform its decision about counterclaims until after the deadline had already expired, despite knowledge that there may have been an issue with the appraisal. Defendant's delayed discovery strategy, e.g., scheduling a crucial deposition after the deadline expiration, "does not evidence diligence on [Defendant's] part." *Granite Southlands Town Ctr. LLC v. Alberta Town Ctr., LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. Jun. 8, 2010), *adopted by* 2010 WL 2635527 (June 28, 2010) (unpublished decision); *Dilmar Oil Co.*, 986 F. Supp. at 980 ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

Additionally, Defendant has not adequately explained why it did not file a motion seeking an extension of the pleading amendment deadline before it expired. As the deadline approached, Defendant was aware that the appraisal issue had not been addressed and that pertinent information and testimony had not been obtained. Given that the Rule 26(a)(1) disclosures were made by October 19, 2010, it was foreseeable that Defendant might wish to amend its operative pleading after the receipt of such discovery. Thus, it would have been appropriate to move to extend the pleading amendment deadline before it expired. Defendant's failure to do so also evidences a lack of diligence.

Defendant has failed to show that, with diligence, it could not have completed the discovery necessary to establish the basis for its proposed counterclaims on or before the pleading amendment deadline. Accordingly, the Court concludes that Defendant has not demonstrated that it was unable to meet the pleading amendment deadline despite the exercise of due diligence. Therefore, Defendant does not establish good cause for the modification of the Scheduling Order and does not satisfy the first step of the amendment analysis.

**B. Rule 15(a) Requirements**

Because Defendant has not shown good cause for seeking leave to amend its Answer and assert counterclaims after the expiration of the pleading amendment deadline, the Motion is subject to denial on this basis alone. *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)(4)); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.' Prejudice to the opposing party need not be shown also."); *cf. Minter*, 451 F.3d at 1205 (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness may). Accordingly, the Court does not analyze the Motion under the standard set forth in Fed. R. Civ. P. 15(a). *Nicastle*, 2011 WL 1465586, at *3 ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15."); *see also Schneider v. City of Grand Junction, Colo.*, No. 10-cv-01719-MSK-KLM, slip op. (D. Colo. Apr. 25, 2011) [Docket No. 77], *adopted by* slip op. (July 12, 2011) [Docket No. 87] (unpublished decision) (reviewing untimely motion to amend only as to good cause standard pursuant to Fed. R. Civ. P. 16(b)(4)).

For the reasons set forth above, the Court **RECOMMENDS** that the Motion be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 2, 2011

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix