IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01645-LTB-KLM

KEITH RABIN,

    Plaintiff,

v.

FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY.

    Defendant.

---

### STIPULATED PROTECTIVE ORDER

---

Upon ~~a showing of good cause in support of~~ *request of the Parties for* the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Stipulated Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

{00439359.1}

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy, proprietary business, commercial, and trade secret interests of the parties as determined in good faith by the attorneys representing the designating party. CONFIDENTIAL information shall not be disclosed or used for any purpose by a recipient except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed by a recipient, *except that* such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties and representatives of the corporate parties;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses; and

    (h)    other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a written acknowledgment in the form attached hereto as Exhibit A stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after receipt of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to ~~file~~ make an appropriate motion *pursuant to MJ Mix's discovery procedures* requesting that the Court determine whether the disputed information should be subject

{00439359.1}  3

to the terms of this Stipulated Protective Order. If such a motion is timely made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Any motion to file CONFIDENTIAL documents, materials, and/or information under seal shall comply with D.C.COLO.LCivR 7.2 and 7.3.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated them CONFIDENTIAL, or the party receiving documents designated as CONFIDENTIAL may elect to destroy CONFIDENTIAL documents. Where a party agrees to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Each party's counsel shall be permitted to keep one copy for its files of any work product that may contain or reference CONFIDENTIAL documents designated by the opposing party. However, such copies shall be kept in a confidential manner and the CONFIDENTIAL documents shall retain their confidential status until upon or if destroyed as part of counsel's regular file retention and destruction process.

11. By agreeing to the entry of this Stipulated Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

{00439359.1} 4

12. This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado, this 6th day of September, 2011.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE
KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

STIPULATED AND AGREED BY:

s/ Samuel G. Livingston
Samuel G. Livingston
LAW OFFICE OF SAMUEL G. LIVINGSTON, P.C.
1416 Larimer Street, Suite 300
Denver, CO 80202

s/ Gregory A. Gold
Gregory A. Gold
THE GOLD LAW FIRM, LLC
7375 East Orchard Road, Suite 300
Greenwood Village, CO 80111

ATTORNEYS FOR PLAINTIFF

s/ Lawrence D. Stone
Lawrence D. Stone, #8803
DUFFORD & BROWN, P.C.
1700 Broadway, Suite 2100
Denver, CO 80290-2101

ATTORNEYS FOR DEFENDANTS

## EXHIBIT A

## AFFIDAVIT

STATE OF COLORADO )
                           ) ss.
COUNTY OF_____ )

_____, swears or affirms and states under penalty of perjury:

    1.    I have read the Stipulated Protective Order in *Keith Rabin v. Fidelity National Property and Casualty Insurance Company* (10-cv-01645-LTB-KLM), a copy of which is attached to this Affidavit.

    2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are CONFIDENTIAL information as defined in the Stipulated Protective Order.

    3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any CONFIDENTIAL information show or told to me except as authorized in the Stipulated Protective Order. I will not use the CONFIDENTIAL information for any purpose other than this litigation.

    4.    For the purposes of enforcing the terms of the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

    5.    I will abide by the terms of the Stipulated Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:
_____
_____

Telephone No.: (___)_____

SUBSCRIBED AND SWORN to before me this ____ day of _____, 2011, by _____.

    WITNESS my hand and official seal.

_____
Notary Public

[S E A L]

My Commission Expires:_____

{00439359.1}                    6