IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01645-LTB-KLM

KEITH RABIN,

      Plaintiff,

v.

FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY,

      Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Plaintiff's Motion for Contempt Citation Re Jim Simpson** [Docket No. 61; Filed October 24, 2011] (the "Motion").

      IT IS HEREBY **ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE** due to Plaintiff's failure to comply with D.C.COLO.LCivR 7.1A., Fed. R. Civ. P. 5(a)(1)(C), and the Court's discovery dispute procedures.

      Regarding his obligation to confer pursuant to D.C.COLO.LCivR 7.1A., Plaintiff includes letters of conferral regarding discovery requests, but does not represent Defendant's position regarding the relief requested in the Motion at issue.

      Additionally, pursuant to Exhibit I to the Motion [Docket No. 61-9], it appears that Mr. Simpson is represented by counsel, who has communicated with Plaintiff's counsel regarding the requested relief, and as evidenced by Exhibit I, has offered to resolve the issue without court intervention.  However, neither Mr. Simpson nor his counsel are listed in the Certificate of Service.  *See Motion*, Docket No. 61 at 15.  Due process considerations lead the Court to conclude that, as Plaintiff clearly has knowledge of the fact that Mr. Simpson is now represented (as well as knowledge of the contact information for Mr. Simpson's counsel), the Motion should be served on Mr. Simpson directly.  *See ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200, 1217 (10th Cir. 2011) (finding due process requirements were satisfied by providing notice of a contempt hearing through the issuance of an order to show cause).  Plaintiff must first serve the Motion on Mr. Simpson, and then, as stated below, Plaintiff must comply with the Court's discovery dispute procedures.

Furthermore, pursuant to the Scheduling Order [Docket No. 12] governing this case, the Motion is premature.  *See Scheduling Order* [#12] at 7, ¶ 8(d) (incorporating by reference "Section E.1" of the Order Setting Scheduling/Planning Conference [Docket No. 9]).  The Order Setting Scheduling/Planning Conference [#9] provides as follows:

> No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR 7.1A.  If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a conference call with Magistrate Judge Mix to attempt to resolve the issue.  **Both of these steps must be completed before any contested discovery motions are filed with the Court**.

*Order Setting Scheduling/Planning Conference* [#9] at 2 § E.1 (emphasis added).

Plaintiff has not arranged a conference call regarding the instant discovery dispute.

IT IS FURTHER **ORDERED** that no party shall file a contested discovery motion until after (1) unsuccessfully conferring with the other party pursuant to D.C.COLO.LCivR 7.1A., and (2) receiving leave from the Court to file the motion.  To conduct a hearing regarding a discovery dispute, the parties shall initiate a conference call and then, once all parties are on the line, call Chambers at **303-335-2770**.

Dated:  October 26, 2011